# EXHIBIT A

COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

**Rebecca Asin vs. New Hope Housing Inc**

CL-2021-0000636

**TO:** New Hope Housing Inc
Serve :Rees Bromme PC ,R/A
1900 Gallows Road Ste 700
Tysons Corner VA 22182

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on January 19, 2021.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

**Plaintiff's Attorney:** Ernest P. Francis

VIRGINIA:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| REBECCA ASIN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NEW HOPE HOUSING, INC., )<br>8407-E Richmond Highway )<br>Alexandria, Va 22309 )<br>)<br>  Serve: Rees Broome, PC )<br>       Registered Agent )<br>       1900 GALLOWS ROAD )<br>       SUITE 700 )<br>       TYSONS CORNER, VA, 22182, )<br>)<br>  Defendant. )<br>_____) | Civil Action No.<br><br>2021   00656 |

## COMPLAINT

Plaintiff Rebecca Asin, a/k/a Ckarla Asin ("Plaintiff" or "Asin") brings this action against Defendant New Hope Housing, Inc. ("NHHI" or "Defendant") and for her complaint in this action states as follows:

1. This action is brought under 42 U.S.C. § 2000e-5, and this court has concurrent jurisdiction with the United States District Courts for actions under that section.

2. Defendant, which is a Virginia corporation with 100 employees, is in the business of supplying to its clients services by which it locates housing for the clients.

3. Defendant had at least 20 paid employees for at least 20 calendar weeks during 2019 and 2020; those employees (including Plaintiff) lived in the District Columbia, and Maryland and Virginia.

4. Plaintiff (an individual and a resident of Fairfax County is white and has hispanic ethnicity.

5. Plaintiff was employed by Defendant as a housing case manager in October, 2017, and then later as a community case manager.

6. Plaintiff was discharged from employment with Defendant on February 6, 2020, after she had satisfactorily performed her duties in those positions for which she was qualified during employment with Defendant.

7. At the time of Plaintiff's discharge, Defendant referred to a performance improvement plan but did not specify how Asin had failed to satisfy the requirements of that plan.

8. In June, 2020, Asin filed a charge of discrimination with the United States Equal Opportunity Commission ("EEOC").

9. The EEOC issued a right to sue letter of October 13, 2020, and mailed that letter on the same day, so that the earliest that Plaintiff could have received that letter was October 14, 2020.

## COUNT I
## 42 U.S.C. § 2000e-2

10. Plaintiff hereby incorporates by reference the allegations of the preceding paragraphs 1 through 9 as if the same were fully set forth herein.

11. The actions of Plaintiff's supervisor Khristina Koontz ("Koontz") (who is African American) reflected a pattern of treating black non-hispanic employees more favorably than she treated Asin.

12. When a black non-hispanic employee made false accusations against Asin, Koontz chided Asin based on what the black employee told her; when (in contrast) Asin made true allegations of harassment against the black employee, Koontz did nothing.

13. When Asin's cell phone was stolen, Koontz refused to take action and instead remarked "[w]hat do you want me to do about it", but when the cell phone of a black employee was stolen Koontz took steps to recover it.

14. Koontz required that Asin text and e-mail that she was leaving the building when she did so as well as note her absence in her calendar and let the front desk know when she was out of the building, but she did not do this for black non-hispanic employees.

15. Koontz required that Asin put notes as to clients on a computer portal with the acronym HRP when she did not require black non-hispanic employees to do that.

16. Koontz denied Asin access to a computerized information system with the acronym HMIS, which would have enabled Asin to perform her job better; she allowed other black non-hispanic employees access to the system.

17. Koontz also refused to take any action when Asin was physically threatened, and again stated what do you want me to do about it; when black non-hispanic employees were threatened, she did take action.

18. Koontz made a negative comment about Asin when Asin wore apparel with a commercial logo; when black non-hispanic employees wore such apparel they suffered no consequence.

19. Koontz reprimanded Asin in front of clients of the office, but she did not do that for black non-hispanic employees.

-3-

20. On one occasion in the summer of 2019, some of Defendant's black non-hispanic employees were in the conference room and were making jokes about Latinos (how they talk, supposedly possessive personality traits, culture, and food), and one of the employees made fun of Asin's accent and said she did not understand Asin.

21. In August of 2019, Defendant made Asin a Community Case Manager at a new location.

22. Defendant made Asin a Community Case Manager with the intention that she would fail in that position so that she could be terminated.

23. As Community Case Manager, Asin was required to service 16 clients, when normally she should have had five in that position.

24. As Community Case Manager, Asin was required to do audits but was never trained to do audits.

25. As Community Case Manager, Asin was required to put clients in what is known as the "pool" - which is an electronic waiting list of candidates for housing - but again Asin was never trained how to put people on that list.

26. As reflected in Defendant's knowing discriminatory conduct and then knowingly placing Plaintiff in a position for which she lacked training, Defendant discharged Plaintiff because she was white and hispanic and did so willfully.

27. As a result of being discharged, Plaintiff has lost income.

28. Under 42 U.S.C. § 2000e-5(k), Plaintiff may recover her reasonable attorney's fees incurred in this action.

## COUNT II
## 42 U.S.C. § 2000e-3

29. Plaintiff hereby incorporates by reference the allegations of the preceding paragraphs 1 through 28 as if the same were fully set forth herein.

30. In early 2019, Asin sent an e-mail to Tonya Golden ("Golden") (the Chief Program Officer at NHHI) and stated in that, in light of the different treatment of her and another employee by Ms. Koontz, Asin was being discriminated against by Ms. Koontz because Asin was Latina.

31. In that e-mail, Asin also noted that some rules were being enforced only against her.

32. Asin discussed her concerns about discrimination in person at a subsequent meeting with Golden in her office in early 2019.

33. Golden responded by saying that she would investigate the allegation of discrimination and would speak with Koontz.

34. After Asin received no response from Golden, she sent an e-mail to Pam Mitchell, the executive director of NHHI, and then met with her in early 2019.

35. During that meeting Asin told Mitchell what Asin had stated to Golden about discrimination against her because of ethnicity.

36. Defendant discharged Asin because of her complaint to the management at NHHI about discrimination against her, and the placement of Asin in a position for which she had not received training was instrumental in Defendant's discharge of Plaintiff from employment because of her complaint of discrimination.

WHEREFORE Plaintiff demands judgment against Defendant for $24,000 plus prejudgment interest and her costs incurred as well as her reasonable attorney's fees (as permitted by the statutory provision specified in paragraph 28) incurred in this action.

>REBECCA ASIN
>By Counsel
>
>*/s/ Ernest P. Francis*
>
>Ernest P. Francis
>VSB#27276
>ERNEST P. FRANCIS, LTD.
>105 Oronoco Street
>Suite 309
>Alexandria, VA 22314
>(703) 683-8888
>Fax (703) 683-8887
>E-mail: epfrancis@tristateconsumerlawyer.com
>
>Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

>*/s/ Ernest P. Francis*
>
>Ernest P. Francis

# FAIRFAX COUNTY CIRCUIT COURT

## PROOF OF SERVICE

**RECEIVED**
2021 JAN 19 AM 11: 39
OFFICE OF THE SHERIFF
FAIRFAX COUNTY, VA

**Rebecca Asin vs. New Hope Housing Inc**

CL-2021-0000636
Case Type: Summons/Complaint

TO: New Hope Housing Inc
Serve: Rees Bromme PC, R/A
1900 Gallows Road Ste 700
Tysons Corner VA 22182

**Fairfax County**
**SHERIFFS USE ONLY:**

[X] Personal Service  Matthew Ravencraft (Attorney)  ☆SEE R/A LETTER☆

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to person found in charge of usual place of business or employment during business hours and giving information of its purport. _____

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found)

[ ] Served on Secretary of the Commonwealth

[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code §8.01-513

[ ] Served on registered agent of the corporation. List name and title:

[ ] Served on the Commissioner of the Department of Motor Vehicles

[ ] Not found

**Stacey A. Kincaid, Sheriff**
**Fairfax, VA**

1/25/21 2:30p
Date

By: Barb 521/12
Serving Deputy Sheriff

Fairfax
City or County of Locality